(80 South. 691)

SOVEREIGN CAMP WOODMEN OF THE WORLD v. WALLACE. (4 Div. 570.)

(Court of Appeals of Alabama. Nov. 26, 1918. On Rehearing, Dec. 17, 1918.)

1. INSURANCE ⬥825(2)—FRATERNAL BENEFIT INSURANCE—DUE PAYMENT OF ASSESSMENT—QUESTION FOR JURY.

In action on fraternal order's life policy, whether deceased member's assessment for June was paid on or before July 1st was a question for the jury under evidence consisting of a receipt bearing date of July 1st, despite the clerk's testimony he could not be positive about receiving payment then.

2. INSURANCE ⬥186(1)—FRATERNAL BENEFIT INSURANCE—ACCEPTANCE OF ERRONEOUS RECEIPTS—ESTOPPEL.

Fact that deceased member of fraternal benefit order had accepted annual receipts erroneously showing payments of assessments which, if true, would place him in default, would not estop his beneficiary from showing the true facts in an action on the policy.

3. EVIDENCE ⬥408(5)—EXPLANATION OF RECEIPT—FRATERNAL ORDER'S RECEIPT FOR ASSESSMENTS.

In action on fraternal benefit society's life policy, clerk of local lodge or camp was properly permitted to testify in explanation of receipt given for two particular assessments that they were for months of October and November; receipt being open to explanation.

4. APPEAL AND ERROR ⬥1005(3)—REVIEW—CONFLICTING EVIDENCE.

Court of Appeals cannot hold that trial court erred in refusing to disturb jury's verdict on conflicting testimony as to an issue of fact.

5. APPEAL AND ERROR ⬥263(1)—RESERVATION OF GROUNDS OF REVIEW—FAILURE TO EXCEPT TO CHARGE.

Where no exception was reserved to charge on trial, Court of Appeals cannot consider it when taken exception to in the brief.

On Rehearing.

6. APPEAL AND ERROR ⬥1078(1)—ASSIGNMENT OF ERROR—WAIVER.

Assignment of error not insisted upon in brief of appellant was waived.

7. APPEAL AND ERROR ⬥832(4)—REHEARING—BASIS—WAIVED ASSIGNMENT.

Assignment of error waived on submission cannot be made basis of application for rehearing.

Appeal from Circuit Court, Coffee County; R. I. Jones, Judge.

Action by Edie Wallace against the Sovereign Camp Woodmen of the World. From judgment for plaintiff, defendant appeals. Affirmed.

C. H. Roquemore, of Montgomery, for appellant.

Baldwin & Murphy, of Andalusia, for appellee.

SAMFORD, J. [1-3] The plaintiff's husband joined the defendant order on October 10, 1910, at which time there was issued to him a policy of life insurance, naming the plaintiff as beneficiary. The premiums or assessments due on the policy were $1.35, payable monthly in advance, and in default of payment for any assessment for 30 days, the member stood suspended and the insurance lapsed. There was indorsed on the policy at the time of delivery the following:

"He has made all payments required and has been introduced as a member of this camp. Signed Oct. 10th, 1910. T. A. Goodwin, Consul Commander. W. O. Searcy, Clerk."

Also the following indorsement:

"First liable for assessment #242 Nov."

It was in evidence that T. A. Goodwin was the consul commander, W. O. Searcy the clerk, and 242 was the number of the assessment due November, 1910. There was some confusion as to some of the receipts issued to the deceased for assessments, but it was admitted by the defendant that the deceased had paid 56 assessments. If the first assessment for which deceased was liable was No. 242, November, 1910, as indicated by 'the indorsement on the policy, then deceased was not in default on June 1, 1915, and hence he was not suspended, as his policy was in full force at the time of his death. Besides, under the terms of the contract of insurance, if the assessment for June was paid on or before July 1st, the deceased was not in default. The receipt for this payment issued to the deceased and introduced in evidence bore date of July 1st, and therefore, notwithstanding the testimony of Jeffcoat, the defendant clerk, that he could not be positive about receiving the payment on July 1st, the question was properly submitted to the jury. The fact that deceased had accepted annual receipts erroneously showing payments which, if true, would place him in default, would not estop him from showing the true facts. These were questions of fact under the evidence, to be determined by the jury, and the court did not err in refusing to give at the request of the defendant the general charge. There was no error in permitting the witness Searcy to testify in explanation of the receipt given for assessments 242 and 243, that they were for the months of October and November. The receipt was open to explanation. Eufaula Nat. Bank v. Passmore, 102 Ala. 370, 14 South. 683; Hodges v. T. I. Co., 123 Ala. 572, 26 South. 490; Stegall v. Wright, 143 Ala. 204, 38 South. 844.

[4] There was a conflict in the testimony as to whether the deceased was in default in the payment of his assessments; this question was submitted to the jury, and the court on a motion for a new trial refused to disturb the verdict. From this record we cannot hold that the court erred in so holding.

[5] Counsel in brief takes exception to an excerpt from the court's general charge. No exception was reserved to the charge of the court on the trial, and hence we cannot consider it as here presented.

There is no error in the record, and the judgment is affirmed.

Affirmed.

BRICKEN, J., not sitting.

## On Rehearing.

SAMFORD, J. [6, 7] Assignment of error No. 7 was not insisted upon in brief of appellant on the original submission, and hence, under the decisions, this point was waived. Having been waived on the submission, the assignment cannot now be made the basis of an application for rehearing.

Application overruled.