(88 South. 54)

DOZIER v. STATE. (4 Div. 625.)

(Court of Appeals of Alabama. June 22, 1920. Rehearing Denied Nov. 9, 1920.)

1. CRIMINAL LAW ☞863(1)—No REVERSIBLE ERROR IN GIVING INSTRUCTIONS IN JURY ROOM.

It was not reversible error for the court to go into the jury room, and, standing just within the door and in the presence of counsel and with defendant sitting just outside the door, to instruct the jury concerning a rule of law which he had neglected to give them in the charge.

2. CRIMINAL LAW ☞1119(3) — ACTION OF COURT NOT SHOWN BY BILL OF EXCEPTIONS NOT CONSIDERED.

Action of the court in going to the jury room and giving instructions not shown by bill of exceptions cannot be considered on appeal, although it appears in the transcript.

3. INTOXICATING LIQUORS ☞233(2) — EVIDENCE CONCERNING FINDING OF BEER ADMISSIBLE IN PROSECUTION FOR MAKING WHISKY.

In a prosecution for the making of whisky, testimony of witness, to the effect that he had been to the place in question before, and found some beer there, was admissible in evidence, but reference by the witness to any other time he had been to the place in question prior to the time it was alleged defendant was found

making whisky was not admissible, being relevant to show a preparation on the part of somebody to distill liquor and to identify the place at which the liquor was made.

Appeal from Circuit Court, Barbour County; J. S. Williams, Judge.

Henry Dozier was convicted of violating the Prohibition Law, and appeals. Affirmed.

McDowell & McDowell, of Eufaula, for appellant.

There was prejudicial error in the action of the court in going to the jury room and delivering the oral part of its charge. 146 Ala. 102, 41 South. 274; 11 Ala. App. 191, 65 South. 702; 15 Ala. App. 26, 72 South. 511. Counsel discuss the evidence, but without citation of authority.

J. Q. Smith, Atty. Gen., for the State. No brief came to the Reporter.

SAMFORD, J. In brief, counsel for appellant insists that the trial court committed reversible error, in that, after the jury retired to consider its verdict, within a few minutes thereafter, the court went to the jury room with counsel for the state and defendant, and opened the door to the jury room, and, standing just within the door, and in the presence of counsel, and with the defendant sitting just outside the door and in hearing of what was said, gave to the jury the following instructions:

"There is one rule of law, gentlemen, that I neglected to give you. That is this: When a man is charged with the commission of a felony similar to the one with which this defendant is charged, the law says that he who aids or abets another in the commission of that felony is guilty as if he were the principal actor. To aid means to offer any sort of assistance, no matter how slight or small, and to abet is to stand by and encourage the other, or be ready to render assistance in the event assistance is called for."

[1, 2] This action of the court is not shown by the bill of exceptions, but does appear in the transcript. The action of the court, while informal and perhaps tends to create less respect for the dignity of the court, which at all times should be maintained, would not, we think, constitute reversible error, even if properly presented for review, which is not the case here. Grand Bay Land Co. v. Simpson, 202 Ala. 606, 81 South. 548; Sov. Camp W. O. W. v. Wallace, 16 Ala. App. 617, 80 South. 691.

[3] All of the exceptions to the testimony of the witness Mooneyham were reduced by the court to this:

"The statement by the witness, to the effect that he had been to the place in question before, and found some beer there, is admissible, and may stay in evidence. But any reference

by said witness to any other time he had been to the place in question prior to the time it is alleged the defendant was found making whisky is not admissible, and is excluded from the record."

This was not error, but was relevant to show a preparation on the part of somebody to distill liquor and to identify the place at which the liquor was made. If the defendant was not connected with it, it was error without injury; the making of the whisky, and not the possession of the beer, constituting the crime with which defendant is charged. Frazier v. State, ante, p. 486, 86 South. 173; Salter v. State, ante, p. 517, 85 South. 847.

It was a question for the jury to say whether under the facts the defendant was guilty, and we are not authorized under the facts presented to disturb their verdict.

There is no error in the record, and the judgment is affirmed.

Affirmed.