(129 So. 303)

## FISHER v. STATE.
### 6 Div. 742.

Court of Appeals of Alabama.
June 10, 1930.

Wright, Warren & Searcy, of Tuscaloosa, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

RICE, J.

Appellant was indicted for the offense of murder in the first degree, tried, convicted of the offense of *manslaughter* in the first de-

gree, and his punishment fixed at imprisonment in the penitentiary for the term of eight years.

The deceased, shown to have been knocked in the head with a stick or pole, and killed, by defendant (appellant), was one John Lee Harris, but we will make no further comment upon the evidence than to state that it showed that, up until the time immediately preceding the fatal blow, appellant and deceased were upon friendly and neighborly terms. The killing occurred upon a Sunday, and in a remote section of Tuscaloosa county. Appellant's plea, supported by substantial evidence, was self-defense. A bare hint of illicit intoxicating liquor pervades the record, but in such a way that it is not possible to see whether its existence weighed, or should have weighed, in behalf of the state's theory of the homidice, or in behalf of that of appellant. The inescapable impression left by a reading of the evidence in the record is that the killing, justifiable or not, as the jury may in the end find, under proper instructions as to the law, in its last analysis, so to speak, is another of those off-shoots of ignorance, and lack of civilization, that rules to this good day in certain isolated, backward, sections of our commonwealth—among those of the type in our rural localities comparable to the type that compose, in the great metropolitan centers, what is now commonly referred to as "the submerged tenth."

The case was tried by a special judge, and while we doubt for the moment that we are warranted in taking judicial knowledge of the fact that the said distinguished special judge is an able and important member of the faculty of one of the nation's large and influential law schools, yet it is not, we trust, amiss to say that an examination of the record submitted here reveals that the trial was conducted in a manner that would reflect credit upon the most experienced nisi prius judge of the country. The law governing the issues in the case was given to the jury in a somewhat scholastic, but wholly correct, oral charge, which, taken in connection with the written charges given at appellant's request, leaves nothing, so far as we can see, to be added, or subtracted.

■ But, Mr. Alexander Pope to the contrary, notwithstanding, sometimes even great "Homer nods." The widow of deceased, while being examined as a witness for the state, was asked, by the Solicitor, in detail, about the number of children left by deceased, their ages, etc. Objections to the several questions calling for this information were separately and timely interposed, and overruled in each instance. Due exception, likewise in each instance, was reserved.

In these several rulings, all to the same effect, the learned trial judge fell into error. "It is not permissible to show the number of children left by deceased, or their ages. * * *" 30 C. J. 177 § 400.

Perhaps the following language used by this court, in the opinion on rehearing in the case of Thomas v. State, 18 Ala. App. 268, 90 So. 878, 880, is here apt; at any rate, we quote and adopt it, in this connection, to wit: "If as a consequence of this unfortunate homicide it resulted, as may be judged from the record, that * * * orphans were left to mourn the death of deceased, this fact of itself could shed no light upon the issues involved * * * for the law makes no distinction in matters of this nature. A man with * * * children can be accorded no more rights under the law than a man without such * * * children."

■ Upon like reasoning, and upon the authority of the opinion in Thomas v. State, supra, we hold it was error to overrule appellant's objection to the following portion of the argument of the solicitor to the jury trying the case, to wit: "Gentlemen of the Jury when you go out there to make your verdict don't forget the children which defendant left fatherless, made orphans of and left without a breadwinner—they are entitled to some consideration too."

■ We are inclined to the view that the state was allowed rather too much latitude in the matter of going into detail about the prior medical treatment of a wound upon the hand of deceased, which wound or affliction was, in its nature, such as to incapacitate him to some extent for physical combat, at the time of the fatal difficulty; but we would not reverse the case on account of the rulings in this connection, regarding them as of too inconsequential a nature.

As indicated hereinabove, we think the case was in the main ably tried. But, for the errors pointed out, the prejudicial character of which we deem obvious, the judgment must be, and is, reversed, and the cause remanded.

Reversed and remanded.