1 So.2d 384

**GRAY v. ANDERSON.**

**8 Div. 32.**

Supreme Court of Alabama.

March 20, 1941.

Rehearing Denied April 17, 1941.

Taylor & Taylor, of Huntsville, and Edw. Goodrich, of Athens, for appellant.

R. B. Patton, of Athens, and S. A. Lynne, of Decatur, for appellee.

BROWN, Justice.

The appeal is from the judgment of the circuit court, entered on the verdict of a jury, sustaining the validity of the will of Irene Anderson Gray, alleged to have been executed in December, 1936, a copy of which was propounded for probate by Mrs. Mamie Humphrey Anderson, the mother of the testatrix and a testamentary devisee, under said alleged will, the probate of which is contested by Ronald D. Gray, Sr., the husband of the testatrix and sole heir at law of William Edward Gray, the only child of the parties, who died subsequent to the death of his mother, the testatrix.

The case was submitted here on the motion of appellee to strike the bill of exceptions and on the merits. The ground of the motion to strike is that the bill was materially altered by amendment by showing exceptions reserved not embodied in the original as first presented, and that it was not approved by the trial Judge.

■ The power to settle and authenticate a bill of exceptions is vested by the statute, in the first instance, in the trial Judge. Code 1923, §§ 6432, 6433.

While the record indicates that there was some confusion in the mind of the Judge as to whether it should be approved by the Judge or by order of the court, at the time the bill was signed, nevertheless he affixed his signature thereto, under the following statement: "Wherefore, the appellant within the time allowed by law presents this his Bill of Exceptions, and prays that same be signed by the Judge presiding at the trial and become a part of the record in this cause," followed by a recital of the order of "the court" made on the hearing of ob-

jections to the bill, and the date "This the 29th day of April, 1940."

■ The only additions to the bill of exceptions was the incorporation therein of matters of evidence offered at the trial, which was permissible. Sovereign Camp, W. O. W., v. Moore, 237 Ala. 156, 186 So. 123.

■ We are, therefore, of opinion that the trial Judge affixed his signature in approval of the bill of exceptions and the motion is due to be overruled.

The pleas or grounds of contest set up: (1) Said will "was not attested by two witnesses who signed their names thereto in the presence of the alleged testator"; (2) that the said will offered for probate was revoked by the due execution of a second will on the 1st day of July, 1937, expressly revoking the former will; and (3) that said first will was revoked by the testator by burning, tearing or obliterating the same with the intention of revoking it.

The proponent filed several replications to the pleas: (1) The general replication denying the averments of the several pleas; (2) that at the time of the execution of the second will the testatrix was so afflicted in body and mind that she was without testamentary capacity, and in the alternative, if she was possessed of testamentary capacity, she acted, not of her own will and motive but under the dominating undue influence of her husband, the contestant; and (3) that when she tore up the first will she was either without mental capacity to intentionally revoke the first will, or in doing so she was driven to the act by the undue influence of her husband, the contestant in this proceeding.

The fact that the first will was duly executed and witnessed is not questioned on this appeal, nor does it seem to have been seriously questioned on the trial. In brief counsel for appellant state: "The evidence showed substantially that the will sought to be probated was executed by the testatrix and properly witnessed, and the contents of the will was established by a carbon copy of same which had been preserved by the attorney drawing the will."

The second will, as the evidence shows, was destroyed by the testatrix, and questions touching its due execution, relate only to its effect as revoking the first.

Assignments of error, 1, 2 and 3, predicated on rulings of the court on objections to testimony are not insisted on and will be

treated as waived. The only observation in the brief in respect thereto is; "The assignments of error raise the following questions to be reviewed by this court; objections made by the contestant to the admission of testimony set out in Assignments of Error 1, 2 and 3, and giving at the request of proponent the following written charges."

 Charge 1, given at the instance of the proponent is not subject to criticism for assuming that the relation of husband and wife is a confidential relation. That relation, as a general rule, is as a matter of law one of confidence and trust. Ray v. Ray, 238 Ala. 269, 189 So. 895; Crowder v. Crowder, 217 Ala. 320, 115 So. 256; Manfredo et al. v. Manfredo, 191 Ala. 322, 68 So. 157.

There was evidence tending to show that the contestant was active, not only in the procuring of the execution of the will of July 1, 1937, but also in causing the original will propounded for probate to be destroyed. On the other hand there was evidence that the testator had competent, independent advice in respect to the execution of said last will.

Charges 1 and 2 instructed the jury: "If you credit *that phase* of the evidence *tending to show* that Ronald Gray Sr., directly or indirectly participated in the execution of the will made in July, 1937, * * * then I charge you that the burden of proof is upon him." [Italics supplied.]

The jury might well *credit that phase of the evidence as tending to show,* and yet not be reasonably satisfied that said Ronald Gray did participate in the execution of the will made in July, 1937. These charges were invasive of the jury's province and the court erred in giving the same. Bancroft v. Otis, 91 Ala. 279, 8 So. 286, 24 Am.St.Rep. 904; Hutcheson v. Bibb et al., 142 Ala. 586, 38 So. 754; McQueen v. Wilson et al., 131 Ala. 606, 31 So. 94.

We have not overlooked the fact that said charges were copied from the opinion of the court in Smith v. Smith, et al., 174 Ala. 205, 210, 211, 56 So. 949, nevertheless it is well settled that the utterances in judicial opinions are not always appropriate for instructions to the jury in a particular case. Harper v. State, 16 Ala.App. 153, 75 So. 829; Hale et al. v. Cox, 222 Ala. 136, 131 So. 233; 64 C.J. 725, § 637.

The other special charges given for the proponent correctly state the law and error was not committed in giving them.

We have examined the several charges refused to the contestant and are of opinion that error was not committed in their refusal.

For the errors noted the judgment is reversed.

Reversed and remanded.

GARDNER, C. J., and THOMAS and FOSTER, JJ., concur.