15 So.2d 303
## LOVEJOY v. STATE.
### 6 Div. 168.

Supreme Court of Alabama.

Oct. 7, 1943.

Wm. McQueen, Acting Atty. Gen., and Forman Smith, Asst. Atty. Gen., for the petition.

Erle Pettus, of Birmingham, opposed.

BOULDIN, Justice.

We would not be understood as concurring in all that is said by the Court of Appeals on the question raised by the petition for certiorari. In particular, we hold that, as a rule, the mere admission of evidence of the number of children left by deceased, or their ages, without more, should not work a reversal in a homicide case. The Fisher case, Fisher v. State, 23 Ala.App. 544, 129 So. 303, quoted and followed in the opinion in the instant case, seems to call for a reversal for error in admitting evidence merely of the number and ages of the children of deceased. We think the opinion goes too far in that regard. But the evidence here went much further. Says the Court of Appeals: "But the admission of the testimony as to the number of children left by deceased; of their partial abandonment by his widow acting in supposed concert with Johnnie Lovejoy; their predicament, treatment, and manner of being cared for by relatives, cannot be justified on any ground that occurs, or has been suggested, to us. Much testimony along this line was brought out by the State, all over appellant's objections, with due exceptions reserved. It seems unnecessary to specify it more particularly, here."

In permitting this wide line of evidence calculated to inflame the jury, while shedding no light on the homicide, presented such a state of the case that we cannot say the Court of Appeals was in error in reversing the cause.

Writ denied.

All the Justices concur.