59 So.2d 797

**NEAL v. STATE.**

4 Div. 683.

Supreme Court of Alabama.
June 26, 1952.

H. K. & J. F. Martin, Dothan, for appellant.

Si Garrett, Atty. Gen., and Robt. Straub, Asst. Atty. Gen., for the State.

STAKELY, Justice.

T. C. Neal, the appellant, was indicted for the offense of murder in the first degree. Trial was had upon a plea of not guilty. The jury returned a verdict of guilty of murder in the first degree and fixed the punishment at death. The appeal comes here from the judgment of the court under the automatic appeals act.

The killing took place in a Negro cafe in the presence of a number of witnesses. The evidence is in conflict as to whether the appellant fired the gun intentionally or whether the gun struck the door facing of the cafe and went off accidentally. A number of people in the cafe were hit by the shot but the deceased, Roy Lee Yarbrough, was the only one killed. Tendencies of the evidence showed that the appellant was cursing and antagonistic toward all the occupants of the cafe prior to the shooting.

The pivotal question in this case centers around the action of the trial court subsequent to the retirement of the jury to consider the verdict. After the jury had retired they sent the bailiff to the judge

stating that they wanted to ask a question. It is agreed by the state and the defendant, as shown by the record, that "Thereupon the Judge caused the official court reporter, the Clerk of the Court, Mr. J. Robert Ramsey, attorney for the defendant, and Mr. Baxley, the Solicitor representing the State, to accompany him inside the door of the jury room, the defendant not being present inside the said jury room." According to the record the following then took place:

"A Juror: Judge, what we want to know is, can we fix it so that if we give him life imprisonment and recommend that there be no parole?

"The Court: That is up to the Pardon and Parole Board. Neither you nor I can bind The Pardon and Parole Board. We don't have any control over them.

"A Juror: That is all we want to know, Judge. I had that come up once before but I wanted to hear you say it."

The action of the court in charging the jury as aforesaid in the jury room is one of the grounds upon which a motion to set aside the verdict and grant a new trial is based. The court overruled the motion.

It is settled that the continuous presence of the defendant from arraignment to sentence is an essential part of the process provided for the trial of the defendant and without which the court has no jurisdiction to pronounce judgment against him. This principle was applied by the Court of Appeals in Chaney v. State, 56 So.2d 385, 386, where in reversing the judgment of conviction the court said: "However the record shows that, instead of having the jury returned to the courtroom, the judge, court reporter, solicitor, and defendant's counsel went into the jury room where the court instructed the jury further." See Lee v. State, 31 Ala.App. 91, 13 So.2d 583, certiorari denied 244 Ala. 401, 13 So.2d 590.

It is insisted by the state that for aught that appears from the record the door of the jury room was left open and that all that was said by the court to the jury in the jury room was therefore in the hearing of the defendant. This was the situation in Dozier v. State, 17 Ala.App. 609, 88 So. 54. But in that case it clearly appeared that the door to the jury room was open and the judge stood just within the door with the defendant sitting just outside the door and within the hearing of what the court said. All we know from the record in this case is that the judge accompanied by those mentioned above went inside the door of the jury room and the defendant was not present inside the jury room when the judge charged the jury.

It is further insisted that the recitals of the record which have been set forth should not control but that the judgment entry entered in the case at bar as shown by the record should control. The judgment entry recites:

"* * * and the defendant, T. C. Neal, in his own proper person and with his attorney, being in open court and being in court continuously throughout his trial, comes the jury selected for his trial, to-wit: Alva L. Jordan and the other eleven, and on their oaths do say: * * *."

But again we say that we are not willing to deprive the defendant of his constitutional rights by a recital in the judgment entry when the facts as shown by the record show that he was not accorded his constitutional rights. Lynn v. State, 250 Ala. 384, 34 So.2d 602. Substance and not form should control in a situation of this kind where constitutional rights are involved. We are here dealing with fundamental rights recognized by this court as a part of the due process which should be accorded to the defendant. It results that the judgment of the lower court is reversed and the cause is remanded.

Reversed and remanded.

All the Justices concur.