91 So.2d 697

### Dillard LOWMAN

v.

### STATE.

6 Div. 316.

Court of Appeals of Alabama.

Oct. 16, 1956.

Rehearing Denied Nov. 13, 1956.

Tweedy & Beech, Jasper, for appellant.

John Patterson, Atty. Gen., and Owen Bridges, Asst. Atty. Gen., for the State.

PRICE, Judge.

The appellant was indicted for murder in the second degree, convicted of manslaughter in the first degree, and sentenced to the penitentiary for a term of five years.

Briefly stated, the evidence was to the effect that defendant, a deputy sheriff, arrested James Dancer, the deceased for driving while intoxicated. The defendant drove Mr. Dancer's pick-up truck to a store for the purpose of making a telephone call at deceased's request. When defendant returned from the store and started to the driver's side of the truck, Mr. Dancer jumped out of the truck and ran, followed by defendant. Defendant shot deceased with a pistol, the bullet entering, according to Dr. Manasco, the middle one-third of the back portion of the left leg, severing the large artery, from which wound deceased bled to death.

Defendant testified he chased deceased 60 to 75 feet and was gaining on him. When he got within six feet of him deceased stopped and "started to make his turn on me with the knife," and "I jerked my gun out and shot him in the leg."

The evidence presented questions for the determination of the jury and was sufficient to sustain the verdict. No error resulted in the court's refusal of the affirmative charge or denying the motion for a new trial.

Vester Phillips, an uncle of deceased, testified he went to the hospital at Haleyville where deceased was taken by defendant after the shooting and that he listened to defendant talk some just outside the hospital door. Belton McNutt and a Miss Musgrove were listening also and there were several others around there but witness paid no attention to who they were. The question was asked, "at that time did Dillard Lowman make a statement to you or in your presence about what happened to James Dancer." The witness answered "yes," and he was asked to "tell the jury what he said." The defendant objected because incompetent, irrelevant and immaterial, and has no bearing on the issues in the case, and the proper predicate had not been laid. The court overruled the objection and defendant excepted. The witness answered: "He said he had him under arrest that night, and that he shot him because he run from him, he said." This question was then asked the witness: "Q. Did he say why he had him under arrest, Mr. Phillips?" Defense counsel interposed "some objections, some grounds." The

court overruled the objection. The witness answered, "He said he was drinking, he said."

Mr. W. B. McNutt testified he married Mr. Phillips sister and that he came to the hospital with Phillips and Miss Musgrove the night deceased was killed. He testified to seeing defendant under the same circumstances as related by Mr. Phillips. To the question: "Q. What did Dillard Lowman say at that time," the defendant objected because incompetent, irrelevant, immaterial and the proper predicate had not been laid. The court overruled the objection and the witness answered: "He said he had Mr. Dancer arrested for being drunk, and he run and he shot him."

Defendant urges that the alleged statement of the defendant was a confession and was improperly admitted because no predicate was laid to show that it was voluntary.

■ In Heningburg v. State, 153 Ala. 13, 45 So. 246, 247, the court said: "While, as a general rule, the admissibility of a confession as having been made voluntarily is determined on preliminary examination by inquiry made to ascertain whether the same was voluntary or involuntary, this is not the only way in which it may be ascertained by the court whether it was voluntary or not. When the facts and circumstances under which the confession was made affirmatively show that there were no improper influences proceeding from the person to whom they were made, or from any other person, or from the circumstances surrounding the defendant at the time they were made, such confessions are prima facie voluntary and admissible. The attendant circumstances at the time of the alleged confession, the character of the conversation in which the confession is made, the relation of the parties to such confession, may in themselves be sufficient to affirmatively show that there were no im-

proper influences employed such as to excite either hope or fear." See also Tillison v. State, 248 Ala. 199, 27 So.2d 43, and numerous cases there cited; Davis v. State, 257 Ala. 447, 59 So.2d 592. We think, as contended by the State, the circumstances shown here at the time of making the alleged statement that the defendant was an officer of the law, armed with a pistol, and, as opposed to being under arrest, was an arresting officer; that his official capacity and the lack of any official capacity on the part of the witnesses testifying to the statement attributed to defendant were sufficient to establish the voluntary character of the statement.

In Lovejoy v. State, 244 Ala. 637, 15 So. 2d 303, the court said: "In particular, we hold that, as a rule, the mere admission of evidence of the number of children left by deceased, or their ages, without more, should not work a reversal in a homicide case." Therefore, there was no reversible error in permitting the widow of deceased to state that she had six children.

■ However, in his argument to the jury the Solicitor made reference to the "widow and a bunch of little children being left to raise," and "his wife and six kids left and hungry." Defendant objected to this argument and the court overruled the objections. These remarks were highly improper and were calculated to inflame the minds of the jury. "Such unauthorized remarks have no place in a trial where on the one hand a defendant's life or his liberty is involved, and on the other the proper administration of the law is concerned." Thomas v. State, 18 Ala.App. 268, 90 So. 878, 880. See also Wyres v. State, 32 Ala.App. 630, 29 So.2d 155.

For the error pointed out the judgment is reversed and the cause is remanded.

Reversed and remanded.