LEIGH M. CLARK, Retired Circuit Judge.
A jury found appellant guilty of murder in the first degree of his ex-wife, Cathy Barton, and fixed his punishment at imprisonment for life. A judgment of conviction and sentence was rendered accordingly. He had pleaded not guilty and not guilty by reason of insanity.
The undisputed evidence shows conclusively that defendant killed the alleged victim with a pistol with which he was armed on the occasion of his returning two minor children of the defendant and the victim while the victim was living at the home of her mother and father. He had driven a truck there on May 21, 1978, and shot her twice with the pistol after a brief argument between the two. The first shot brought her to the ground. The second shot was fired with him standing over her. The bullet entered her skull and brain causing her death immediately. The mother of the victim who endeavored to intervene was also shot by defendant. Thereafter, the father of the victim attempted to kill defendant by shooting at him three times with a shotgun and apparently hitting him twice.
The major issue contested on the trial was as to the plea of not guilty by reason of insanity. The only contentions for a reversal relate to that issue.
Defendant presented considerable substantial evidence tending to show insanity. It came from defendant’s mother, brothers and a personal friend. It was strong evidence, clearly sufficient to make a serious issue as to the question of his sanity, even though there was no testimony of an expert to support it. Dr. V. Delane O’Rear, then engaged in the practice of medicine in Jasper, Alabama, who had been on the faculty of the Department of Psychiatry at the University Medical Center in Birmingham, conducted an examination of defendant *246 soon after the alleged crime and testified on the trial that defendant was sane and that in his opinion he was sane at the time he shot and killed Cathy.
There was sufficient evidence to support the verdict of the jury, on the issue raised by the plea of not guilty and on the issue raised by the plea of not guilty by reason of insanity. There is no contention to the contrary.
Appellant says that the trial court was in error in refusing each of the following charges requested by defendant:
“No. 8. The Court charges the jury that you are not bound by the opinion of experts, or by the apparent weight of evidence, but you may draw your own conclusions.
“No. 10. I charge the jury that the opinion of an expert witness is not binding on the jury. You are not bound to accept it. You have the right to reach your own conclusions from all the evidence in the case and entirely disregard any opinion of an expert.”
With the exception of the immaterial difference between the use of the word, “draw,” and use of the word, “give,” No. 8 above and Charge 20 in Wilson v. State, 243 Ala. 1, 8 So.2d 422 (1942) are identical. In that case, Charge 20 was held to have been properly refused as misleading.
Charge 10 herein contains some of substantially the same language as Charge 20 in Wilson, supra, as well as some language in charges 18, 20, 21, 22, 23, 24, 25, 26, 27 and 28, in the same case, which were held to have been properly refused as misleading. In accordance therewith, we hold that the trial court was not in error in its refusal of either No. 8 or No. 10.
“. . . In making its determination, the jury may reject all expert testimony though it is without conflict. Hockenberry v. State, 246 Ala. 369, 20 So.2d 533 (1945); George v. State, 240 Ala. 632, 200 So. 602 (1941); Parrish v. State, 139 Ala. 16, 36 So. 1012 (1903). However, opinion testimony, even of experts in insanity cases, must be weighed by the jury and may not be arbitrarily ignored. Pickett v. State, 37 Ala.App. 410, 71 So.2d 102, cert. denied, 260 Ala. 699, 71 So.2d 107 (1954); Boyle v. State, 229 Ala. 212, 154 So. 575, 575 (1934).” Christian v. State, Ala., 351 So.2d 623, 624 (1977).
Appellant also complains of the court’s refusal of each of the following charges requested by defendant:
Charge No. 5:
“If, by a preponderance of the evidence, the jury are satisfied that, at the time of the fatal encounter, defendant was afflicted with a mental disease, and that by reason of the duress of such mental disease he had so far lost the power to choose between right and wrong (although he may have known right from wrong as applied to the killing), and the alleged killing was so connected with such mental disease in the relation of cause and effect as to have been the product of it solely, the jury should acquit the defendant.”
Charge No. 6:
“If the jury believe from the evidence that defendant, at the time he fired the fatal shot, was acting under the duress of mental disease which destroyed his free agency, so that his power to resist killing the deceased was at the time lost, and the killing was the offspring of such mental disease solely, they should acquit the defendant.”
Charges 5 and 6 were substantially covered by the following portions of the court’s oral charge:
“. . . If he did have such knowledge [know right from wrong] he may nevertheless be not guilty or not legally responsible if the following two conditions occur first. If by reason of duress of the mental disease he has so far lost his power to choose between right and wrong and to avoid doing the act in question or that his free agency was at the time destroyed and second, if at the time of the alleged crime, the alleged crime was so connected with such mental disease that the relation of cause and effect, as to have been the product of it solely.
*247 “The inquiry submitted to the jury in this ease where the Defendant is not guilty by reason of insanity . . .let me reiterate these. First, was the defendant at the time of the commission of the alleged crime, as a matter of fact, afflicted with a disease of the mind, so as to be either idiotic or otherwise, insane? Second, if such be the case, did he know right from wrong as applied to the particular act in question? If he did not have such knowledge, he is not legally responsible. Third, if he did have such knowledge, he may nevertheless not be legally responsible if the two conditions occurred.
“If by reason of duress of such mental disease, he so far lost the power to choose between right and wrong and to avoid doing the act in question, or that his free agency was at the time destroyed; and, if the alleged crime was so closely connected with the mental disease that the relation to cause and effect had to have been the product of it solely.”
Refused charge 11 requested by defendant is substantially the same as, if not identical with, defendant’s requested given charge 12.
Neither the refusal of defendant’s requested charge A nor the refusal of his requested charge B was error. Each precludes consideration of whether the crime was the product “solely” of a mentally diseased condition.
“Insanity is an affirmative defense and puts the statutory burden upon the defendant to clearly prove to the reasonable satisfaction of the jury that he was so afflicted by disease of the brain when the offense was committed as to render him so insane that he did not know right from wrong with respect to the particular offense charged, or by reason of such mental disease he could not resist doing the wrong; and the crime must have been the product solely of such mentally diseased condition. Lokos v. State, 278 Ala. 586, 179 So.2d 714; Knight v. State, 273 Ala. 480, 142 So.2d 899.” Davis v. State, Ala.Cr.App., 354 So.2d 334, 338.
We have reviewed all issues raised by appellant. In addition, we have searched the record for error prejudicial to defendant and have found none. It follows that the judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving, as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court. The judgment of the trial court is hereby
AFFIRMED.
All the Judges concur.