BOWEN, Presiding Judge.
Louie Mayes, a purchasing agent for the Alabama State Docks, was charged by indictment with twenty-one counts of first degree theft [Alabama Code 1975, § 13A-8-3] and one count of violating Alabama’s Code of Ethics for Public Officials and Employees [§ 36-25-5]. A jury convicted him of all twenty-two counts. Sentence was fifteen years’ imprisonment and restitution in the amount of $19,004.66.
The only issue raised on appeal concerns the trial judge’s refusal to give the defendant’s requested charge No. 5, which states:
“The Court charges the Jury that there should not be a conviction upon the evidence unless to a moral certainty it excludes every other reasonable hypothesis than that of the guilt of the accused. No matter how strong may be the facts, if they can be reconciled with the theory that some other person may have done the acts, then the guilt of the accused is not shown by that full measure of proof which the law requires.”
This refusal was proper.
The defendant’s requested charge No. 5 was properly excluded because it “fails to hypothesize a reasonable theory that some other person may have done the act charged to defendant.” Owens v. State, 215 Ala. 42, 47, 109 So. 109 (1926).
“Charge 1 requested by defendant appears to have been copied from the opinion rendered in Ex parte Aeree, 63 Ala. 234. The case is not authority for charging the jury in the language used. As an instruction to the jury, it is calculated to mislead them to acquit upon any theory that another may have committed the act, however abstract, speculative, or unreasonable the theory, so that it be reconcilable with the evidence, which they were not authorized to do.” Turner v. State, 124 Ala. 59, 27 So. 272, 275 (1900).
See also Parham v. State, 147 Ala. 57, 69, 42 So. 1 (1906).
“Statements of law in judicial opinions are not always proper for jury instructions in other cases. ... Lifting language from an opinion and embodying it in a written charge does not of itself make it a correct instruction to the jury_ Much is properly said in the opinions of appellate courts which is not proper to be given in charge to juries.” Knight v. State, 273 Ala. 480, 490, 142 So.2d 899 (1962).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.