This is an appeal from the denial of a petition for post-conviction relief. *Page 1014 
The petitioner claims that, as a drug offender, he was improperly sentenced under Alabama's Habitual Felony Offender Act in violation of Ex parte Chambers, 522 So.2d 313 (Ala. 1987). The district attorney moved to dismiss the petition because this issue could have been raised on direct appeal. The circuit court granted this motion and dismissed the petition.
The petition is "meritorious on its face" and should not have been denied without a consideration of its merits. Moore v.State, 502 So.2d 819 (Ala. 1986); Ex parte Clisby,501 So.2d 483 (Ala. 1986). "[T]he illegality of a defendant's sentence is a ground specified in Rule 20, Ala.R.Crim.P., for a collateral post-conviction remedy." Ex parte Brannon, 547 So.2d 68 (Ala. 1989). In Brannon, no objection to sentencing was raised at trial. Moreover, no such objection was raised on direct appeal of the conviction before this Court, even though the case was submitted for decision by this Court four months after the decision in Chambers.
The judgment of the circuit court denying the petition is reversed. This cause is remanded for further proceedings consistent with Rule 20, A.R.Cr.P.Temp.
REVERSED AND REMANDED.
All Judges concur.