I dissent. The appellant filed his petition beyond the two-year statute of limitations set out in Rule 32.2(c), and the petition states no claims implicating subject matter jurisdiction that would not be precluded by that rule.
The majority is wrong in stating that the "appellant's presence at the sentencing hearing, his ability to speak on his behalf before sentence is pronounced, notification of his right to appeal, and his right to have counsel appointed on appeal are jurisdictional matters, which cannot be waived," Opinion at 1373. *Page 1374 
A defendant undoubtedly has the constitutional right to be present and attended by counsel at sentencing, Mempa v. Rhay,389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967), and to have counsel appointed on appeal, Douglas v. California,372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963), as well as the statutory right to speak on his own behalf before sentence is pronounced, Rule 26.9(b)(1), A.R.Crim.P., and to be informed of his right to appeal, Ala. Code 1975, § 12-22-130; Rule 26.9(b)(4).
While all of the foregoing rights are fundamental, all of them can be waived. See Rule 26.7 (waiver of the defendant's presence at sentencing, which necessarily subsumes waiver of allocution and notice of right to appeal); Rule 6.1(b) (waiver of right to counsel). If a right can be waived, it is not a prerequisite to subject matter jurisdiction. "[A] defendant can not be deemed to have waived an objection that the trial court does not have jurisdiction of the subject matter." City ofDothan v. Holloway, 501 So.2d 1136, 1139 (Ala. 1986).
Anderson v. State, 546 So.2d 1013 (Ala.Cr.App. 1989), is cited by the majority for the proposition that "the right to have counsel present at sentencing and the right of the defendant to speak on his behalf before sentence is pronounced . . . involve issues of subject matter jurisdiction, and may not be waived." Anderson holds no such thing. The sentence inAnderson implicated the trial court's subject matter jurisdiction because the defendant, a convicted drug offender, was sentenced under the Habitual Felony Offender Act in violation of Ex parte Chambers, 522 So.2d 313 (Ala. 1987).
Neal v. State, 257 Ala. 496, 59 So.2d 797, 798 (1952), does, as the majority points out, state that "the continuous presence of the defendant from arraignment to sentence is an essential part of the process provided for the trial of the defendant andwithout which the court has no jurisdiction to pronounce judgment against him." In view of the Alabama Supreme Court's recent pronouncements on the nonwaivability of subject matter jurisdiction, the language in Neal must be understood to mean "personal" rather than subject matter jurisdiction.