164 So.2d 717

James David MONTGOMERY

v.

STATE.

3 Div. 167.

Court of Appeals of Alabama.

May 12, 1964.

Horne, Webb & Tucker, Atmore, for appellant.

Richmond M. Flowers, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for the State.

JOHNSON, Judge.

The appellant was indicted for possessing marijuana in violation of Tit. 22, Sec. 256, Code of Alabama, 1940. The jury trial resulted in a verdict of guilty and a sentence of five years in the penitentiary was imposed upon the defendant. The facts of this case as disclosed by the transcript of the record show that the appellant maintained a farm in Escambia County on which he had a field of corn growing. Several State and local officers went to appellant's farm and found marijuana plants growing between the rows of corn in the field near the appellant's house. The defense presented evidence to the effect that the appellant worked in Mobile, Alabama, five days a week and only spent the week ends at his farm and that he had no knowledge of the marijuana plants growing in his corn field.

We feel that a reversal of this case must be had because of the error committed by the trial court after the jury had retired for deliberation. This error is reflected in the "STIPULATION OF STATE AND DEFENDANT" in the record which is in the following language:

"During the Course of the Jury's deliberations the jury asked the Court for further instructions in this form:

"The jury enquired of the Court the limitations of punishment and of its right to fix same. It was informed by the Court that it declined to instruct on the limitations—the punishment, if any, being left to the Court, and that the sole province of the jury in this case was to convict or acquit. The Court was further asked by a member of the jury, who was afterwards determined to be its foreman, if the Court would give consideration to a recommendation of the jury and was informed by the Court that it always gave consideration to recommendations made by juries of Escambia County, but that it was not bound to follow them.

"All of the above took place in the jury room in the Courthouse in the presence of the jury, the Judge, the Solicitors for the State and Attorneys for the Defendant and no others.

"It was agreed at that time between the State and Defendant that the Defendant was to have an exception to the instructions of the Court."

■ The continuous presence of the defendant on trial for a felony is essential for the trial to be free from prejudicial error. The Supreme Court, in Neal v. State, 257 Ala. 496, 59 So.2d 797, deciding the same question, held the following:

"It is settled that the continuous presence of the defendant from arraignment to sentence is an essential part of the process provided for the trial of the defendant and without which the court has no jurisdiction to pronounce judgment against him. This principle was applied by the Court of Appeals in Chaney v. State, [36 Ala.App. 374], 56 So.2d 385, 386, where in reversing the judgment of conviction the court said: 'However the record shows that, instead of having the jury returned to the courtroom, the judge, court reporter, solicitor, and defendant's counsel went into the jury room where the court instructed the jury further.'

See Lee v. State, 31 Ala.App. 91, 13 So.2d 583, certiorari denied 244 Ala. 401, 13 So.2d 590."

 The giving of additional instructions to the jury in the jury room out of the presence and hearing of the defendant constituted reversible error. For a more complete treatment of the proposition and for other jurisdictions, see 94 A.L.R.2d 270.

For the error pointed out above, this cause is hereby

Reversed and remanded.