283 So.2d 188

**Preston ISOM**

v.

**STATE.**

**I Div. 279.**

Court of Criminal Appeals of Alabama.

June 26, 1973.

Rehearing Denied July 26, 1973.

Robert H. Smith, Mobile, for appellant.

**116**

William J. Baxley, Atty. Gen., and Don C. Dickert, Asst. Atty. Gen., for the State.

CARLTON MAYHALL, Jr., Circuit Judge.

The defendant was convicted of murder in the first degree and sentenced to life imprisonment. He appeals.

## I. Conduct of the Trial Court

Defendant's first claims of error are that after the jury had begun its deliberations and was about to be sequestered for the night at 9:45 p. m., the court reconvened in the absence of the defendant and his counsel; that the jury was told that the court was looking for the defendant and that the jury could not be instructed because the defendant was not in court; and further, that the trial judge, after placing defendant in contempt and fining him for his absence (this outside the presence of the jury), commented in the presence of the jury as to the time for defendant to pay the fine.

---

We think it useful to set out in full these portions of the record:

"(Whereupon, the Jurors left the courtroom and returned after a short period, and the following proceedings were had and done:)

"THE COURT: We are looking for the Defendant at this time, and I can't proceed to give you any instructions at this particular time because the Defendant is not in Court. I am going to wait now for his attorney to come into Court. Mr. Smith, see if you can find him out there and let's hear what he has to say.

"(Whereupon, Mr. Smith left the courtroom.)

"THE COURT: I am going to go ahead now and let you go on back without giving you any instructions and just have you wait back there. You have to get up and go again. When we get the Defendant, I will bring you back here.

"(Whereupon, the Jury left the courtroom, and the following proceedings were had and done, out of the presence of the Jury:)

\*   .   \*   \*   \*   \*   \*

"(Whereupon, the Jury left the courtroom and the following proceedings were had and done, out of the presence of the Jury:)

"MR. GALLOWAY: My exception was, you said that you gave me until tomorrow for the Defendant to pay the fine. When you said it, as I looked, there were some four Jurors who stopped and looked at you on that statement and I would take exception to the effect that the Defendant was fined before being brought before this Jury.

"THE COURT: I will note your exception and also make the statement that the Jury was, at that time, leaving the courtroom at the time the Court made that statement. Your exception to the Court making that statement at the time the Jury was leaving is noted for the record.

"MR. GALLOWAY: Thank you.

"THE COURT: I am not going to bother about it tonight; the fine will be payable tomorrow."

We are constrained first to note that the record shows that "Mr. Smith" was told by the trial judge to find the defendant. As Mr. Smith is characterized in defendant's original brief as counsel and the only Mr. Smith appearing in the record in these proceedings was Honorable Robert H. Smith, of trial and appellate counsel, we conclude that at least one of defendant's trial counsel was in fact in the courtroom when the first above-quoted remark was made by the trial judge. Certainly the record does not disclose otherwise. We see no difference in substance between what the trial judge said when defense counsel was in the courtroom and when he was out of the courtroom.

We think a rule of this court is dispositive of these claims of error, and hold there was no error in the trial court's comments as to the absence of the defendant.

"Hereafter no judgment may be reversed or set aside, nor new trial granted by this court or by any other court of this state, in any civil or criminal case . . . . for any error as to any matter of pleading or procedure, unless in the opinion of the court to which the appeal is taken or application is made, after an examination of the entire cause, it should appear that the error complained of has probably injuriously affected substantial rights of the parties." Rule 45, Rules of Practice, Supreme Court, Appendix, Title 7, Code of Alabama (1940 as amended); Kabase v. State, 244 Ala. 182, 12 So.2d 766 (1943).

We hold that an explanation by the trial judge to the jury why they could not proceed, i. e., that the defendant was not present, if error at all, is not error which

has probably injuriously affected substantial rights of the defendant.

Coming now to the statement the trial judge made at the time the jury was leaving the courtroom, defendant argues that this mention of the contempt fine (levied while the jury was outside the courtroom) alone, or taken with the preceding statements as to the absence of the defendant, "created substantial injury to the cause of defendant by requiring him to bear a burden in front of the jury that he ought not to have been required to bear. After the statement concerning the fine was made in the presence of the jury, the Court did not attempt to cure the prejudicial effect by instructing the jury to disregard this set of circumstances in arriving at their verdict."

■ A careful reading of this part of the record at most discloses an implication that the four jurors actually heard what the trial judge said about paying the fine. Of course, the four jurors could have looked around when they heard something being said, whether it was intelligible to them or not. We think what was said by our Supreme Court in Nichols v. State, 267 Ala. 217, 100 So.2d 750 (1958) is particularly pertinent here: "The remark of the trial court relative to the sheriff should more properly have been left unsaid, but we cannot say that it was highly prejudicial to the rights of the defendant. * * * * No witness had been examined and the record does not affirmatively show that the remark was made in the hearing of the jury." In the *Nichols* case, there had been no objection made to the judge's remarks; in this case, there was exception taken. However, we are unwilling to say this was error, in view of Supreme Court Rule 45, supra, the evidence as to defendant's guilt, discussed infra, and the necessary leeway which must be given trial judges in dealing with matters of contempt of court. Cf. James v. State, 246 Ala. 617, 21 So.2d 847 (1945), where there was nothing in the record to show on motion for new trial that alleged statements by the trial judge were made.

## II. Absences of Defendant

Defendant further argues that there were at least two occasions in the trial where the transcript affirmatively shows neither defendant nor his counsel was present during the proceedings. The first is that first related in this opinion, and the second occurred the next morning after the jury had resumed deliberations. As to the second, the record shows this in summary:

"MR. SMITH: We want those matters to show in the record that the defendant nor the Defense Counsel was present at either of those times.

"THE COURT: Note that for the record, and note your exception for the record. Do you wish the Court to give any instructions to the Jury pertaining to those objections?

"MR. SMITH: No, sir; not at this time.

"THE COURT: All right; for the record, the Court would like to note that neither the Defendant or the Defense Counsel was in the courtroom when those requests were made by the Jury for the verdict forms, not was the Defense Counsel or the Defendant in the courtroom when the Court requested the Bailiff to inquire whether or not the Jury wanted to take a break. Is there anything further now?

"MR. SMITH: No, Your Honor."

■ Defendant argues that these occasions deprived him of his right to be present at all stages of the proceedings from arraignment to final sentence, and that the court thus lost jurisdiction to pronounce a valid judgment against the defendant. We have concluded that one of defense counsel was effectively in the courtroom on the first occasion. Is there error in view of defendant's absence on the first occasion, and the absence of defendant and his counsel on the second occasion (really two instances)?

We hold there is no error. In Aldridge v. State, 278 Ala. 470, 179 So.2d 51 (1965), during a coram nobis hearing the defendant left the courtroom, a question was asked in his absence, the court's attention was called to defendant's absence and proceedings suspended until defendant returned, and the question was then repeated to the witness. The court held: "Clearly the petitioner was not injured by this instance. Further, the petitioner having voluntarily absented himself, he is in no position to complain. An accused cannot by his own voluntary conduct invite error and then seek to profit thereby. It would be a sad commentary upon the vitality of the judicial process if an accused could render it impotent by his own choice. Jackson v. State, 38 Ala.App. 114, 78 So.2d 665."

Defendant cites Berness v. State, 263 Ala. 641, 83 So.2d 613 (1955), affirming the Court of Appeals' reversal of a conviction of second degree murder, 38 Ala. App. 1, 83 So.2d 607. In that case the trial judge had inquired into a conversation of a state witness with jurors out on the street during the noon recess between final arguments and the court's oral charge. The jurors and witness denied discussing the case. The judge admonished the jurors not to talk with anyone who might have anything to do with the case, on any subject. Neither defendant not his counsel were present. In overruling the state's application for rehearing, the court said: "Unless (the defendant) voluntarily absents himself, he and his counsel, if reasonably available have a right to be present at every exchange between the judge and jury, where the conversation is germane to any important incident of the trial."

We think the differences in that case and the instant case are apparent. Likewise in Lee v. State, 31 Ala.App. 91, 13 So.2d 583, cert. den. 244 Ala. 401, 13 So.2d 590 (1943); Neal v. State, 257 Ala. 496, 59 So.2d 797 (1952); and Chaney v. State, 36 Ala.App. 374, 56 So.2d 385 (1952). In Lee, supra, our Supreme Court in denying certiorari, held that a defendant in a capital case could not waive the reception of the verdict in his absence. Both *Neal* and *Chaney,* supra, were cases where it was held error for the judge and attorneys, without defendants present, to go into the jury room during deliberations to answer a question and to further instruct the jury, respectively.

The record does not reveal why defendant or counsel was not present nor in the courtroom when the jury asked for the verdict forms and when the jury was asked if they wished to take a break. The record does not reveal whether the jury room adjoins the courtroom, is down the hall, is on another floor, etc. This is not criticism of the able defense counsel, but the fact is that these types of exchanges are ordinary and normal in the day-to-day trials of cases in this State. We think Justice Mayfield speaking for our Supreme Court in *Berness,* supra, states it well:

"All contact between an impaneled jury, counsel for the parties, and other officers of the court, which does not occur in open court, should be avoided. However, we do not wish to be understood as saying that where there are normal exchanges of conversation between officers of the court, or others not connected with the trial or an important incident of the trial, that such conversations can be made the predicate of error."

### III. Court Reporter/Bailiff

█ Defendant next argues that his substantial rights were injuriously affected by the absence of a separate official court reporter and bailiff. Defendant here argues that the trial judge's comment on payment of the fine should have been recorded verbatim, that this and other of the proceedings were not fully transcribed as prescribed by statute, and that defendant and this court "are deprived of a full and complete transcript which would more meaningfully elucidate the error this defendant urges." Defendant cites Title 13,

Sections 262 and 186, Code of Alabama (1940 as amended), which set forth the duties of a court reporter and a bailiff, respectively.

We will not burden this opinion with setting those sections out. We will say that there is no apparent or obvious conflict in the duties of those positions. When the gist of a judge's comment later attacked on appeal as improper is stated in the form of an exception to the comment, and there is no disagreement as to the substance or gist of the comment, that seems to us sufficient to review the matter on that basis and we have done so in this case. We hasten to add that exception alone is sufficient in this case because this is not a matter covered by Rule 33, Rules of Practice, Circuit and Inferior Courts, Title 7, Appendix, Code of Alabama (1940 as amended). We might state that an evidentiary hearing could perhaps have assisted defendant if he desired to know the exact words of the judge, and whether if, in fact, any juror understood the judge's comment. See James v. State, supra.

But defendant further contends that a person serving dually as court reporter and bailiff is prohibited by Section 280 of the Alabama Constitution of 1901. That section reads, in pertinent part:

"* * *; nor, * * * shall any person hold two offices of profit at one and the same time under this state * * *."

The defendant's main complaint here is apparently that because the reporter was acting as bailiff at the time the trial judge mentioned payment of the contempt fine, no verbatim transcript was made. The other complaint is that when the trial judge inquired of the reporter-bailiff's later contact with the jury, the court reporter was transcribing his own testimony and such "situation lends itself to inaccuracy and when it occurs in a criminal case, to the injury of the defendant's substantial rights."

We cannot agree. As we have previously noted, we have reviewed matters in this case made the subject of exception. However, no objection nor exception was taken at any time before this appeal as to the reporter serving as bailiff. Therefore, no error is apparent from the record. Rule 45, supra, and Boswell v. State, 290 Ala. 349, 276 So.2d 592 (1973), and we do not need to decide if Section 280 of the Constitution was violated. We do agree that there may well be situations where a dual reporter-bailiff is unwise, perhaps constitutionally prohibited, but we find no reversible error in this instant case.

### IV. Demonstrative Evidence

The defendant contends that the trial judge erred in sustaining the state's objection to his attempt to introduce in evidence "as demonstrative evidence", two knives which fell within the dimensional range in the coroner's report, viz., "knife at least 4″ long possibly 6″ and about ½ to ¾″ in width." The state had previously offered a knife, taken from the defendant and which matched the description of the other witnesses, and that knife had been received in evidence. Also, the defense had introduced a ruler, which had been marked as to the length of a knife by a witness who had seen defendant carrying a knife the night of the murder.

We hold there was no error in sustaining the objection to the two knives offered by defendant. From aught that appears from the record, the knife identified by the state's witnesses fit within the range stated in the coroner's report and there was no further need for a graphic demonstration of the dimensions of the knife. We do not believe justice requires opening this "Pandora's box" of allowing in evidence otherwise unrelated items of like kind in order to demonstrate common units of measurement, particularly where the jury already has in evidence the alleged murder weapon and a ruler for comparison. The cases of Lackey v. State, 41 Ala.App. 46, 123 So.2d 186, cert. den. 271 Ala. 699, 123 So.2d 191 (1960) and Dennison v. State, 259 Ala. 424, 66 So.2d 552 (1953), cited by defendant, were both cases where the evidence

was tied to the crime. That is not the instant case.

## V. Sequestering the Jury

Defendant contends that "the coercive effect of sequestration" in this case is error. The trial judge had asked the jury if they wished to continue deliberations, at about 9:05 p. m., and a majority of those expressing a desire replied affirmatively. The court did allow the jury a break shortly after this; defendant contends they should have been allowed a dinner break. We have previously set out the incident of defendant's absence, and defendant contends that all of this procedure burdens and prejudices this defendant to a reversal of his conviction.

The question here is whether the trial judge clearly abused his discretion as to conditions and duration of deliberations. We hold he did not. Compare Martin v. State, 29 Ala.App. 395, 196 So. 753 (1940), which states the general rule and holds that keeping the jury out all night was not error. See also Townsell v. State, 255 Ala. 495, 52 So.2d 186 (1951).

## VI. Continuance

Defendant next argues that his motion for a continuance on trial day should have been granted due to this being a capital case, the circumstances of the case, and the reluctance of defense counsel to begin the case with no objection from the state. A long discourse is contained in the record as to this motion by defense counsel, and defendant in his brief summarizes it by saying the motion was based on two grounds, absence of non-subpoenaed witnesses and defense counsel's statement that he was not prepared to try the case.

The matter of a trial continuance is another matter in the court's discretion, and the question again is whether there was a clear abuse of that discretion. Boswell v. State, supra; Butler v. State, 285 Ala. 387,

232 So.2d 631 (1970); Smith v. State, 282 Ala. 268, 210 So.2d 826 (1968). We hold there was not. The record shows that the offense was committed on May 2, 1971; arraignment had on August 4, 1971; trial set on October 26, 1971, for December 13, 1971; and trial had on December 13, 1971, through December 15, 1971. Defense counsel had not subpoenaed the witnesses apparently because they were relatives of the defendant and counsel did not expect the case to be tried the date it had been set for trial. The trial judge issued subpoenas for these two witnesses and they appeared before final arguments but did not testify although available. After the state rested its case, defense counsel had declined the court's offer of additional time and proceeded to present its defense. The defendant testified in his own behalf and presented five other witnesses. The record reflects a thorough and vigorous defense. There are, of course, many considerations a trial judge must make in determining whether a case should be continued or tried on the date set some six weeks earlier; there is no error in his denial of a continuance in this case.

## VII. Motion to Exclude

Defendant argues as error the trial judge's denial of his motion to exclude the state's evidence. His contention here is that the coroner's report of a four to six inch knife introduced irreconcilible conflict and reasonable doubt into the case in view of the eye-witness Jones' description of the knife as a "big blade". Assuming for the moment that the grounds stated in support of this motion at the trial were specific enough, see Turner v. State, 266 Ala. 250, 96 So.2d 303 (1957), still the law is settled that where "the evidence presented raises questions of fact for the jury, and such evidence, if believed, is sufficient to sustain conviction, the denial of a motion to exclude the state's evidence * * * does not constitute error." Young v. State, 283 Ala. 676, 220 So.2d 843 (1969). We will not substitute our opinion for that of the

jury as to whether a four to six inch blade is a big blade. There is no error in the denial of the motion to exclude the state's evidence.

We have considered those matters required by Title 15, Section 389 of our Code, and find no error. The judgment below is due to be affirmed.

The foregoing opinion was prepared by Honorable CARLTON MAYHALL, Jr., Circuit Judge, temporarily on duty on this Court pursuant to subsection (4) of Section 38, Title 13, Code of Alabama (1940 as amended); the Court has adopted his opinion as its own.

The judgment below is hereby affirmed.

Affirmed.

ALMON, TYSON, HARRIS and De-CARLO, JJ., concur.

CATES, P. J., not sitting.