Michael Wayne Graves was indicted by the Cullman County Grand Jury for the offense of enticing a child to enter a vehicle. Trial was had on a plea of not guilty. The jury returned a verdict finding appellant "guilty as charged," and sentence was set at three years imprisonment.
On March 19, 1979, appellant filed a motion for a new trial. A hearing on said motion was held on March 23, 1979, and on March 26, 1979, the motion was denied. This appeal followed.
Since we must reverse and remand this case for a new trial, we will recount only such evidence as is necessary for a discussion of our holding. At the outset, however, we note that the State presented sufficient evidence to establish the elements of the offense charged.
 I
At the hearing on the motion for new trial, testimony revealed that the trial judge entered the jury room and had a short discussion with the jury after they had been deliberating some eight to ten hours. This discussion took place without the court reporter being present and without the presence of either the defendant, defense counsel, or counsel for the State.
The bailiff of the court testified that he thought he heard the trial judge, prior to entering the jury room, tell appellant's attorney that he was going to ask the jury if they wanted to continue to deliberate into the night or to come back the following morning. The bailiff further stated that he heard no response from defense counsel.
Appellant's attorney testified, however, that he recalled a conversation between himself and the trial judge but did not remember what it concerned. *Page 1130 
In Montgomery v. State, 42 Ala. App. 345, 164 So.2d 717
(1964), the Court of Appeals determined that the trial court committed reversible error by giving additional instructions to the jury in the jury room and out of the presence of the defendant even though counsel for both the defense and the State were present. We quote from that decision:
 "The continuous presence of the defendant on trial for a felony is essential for the trial to be free from prejudicial error. The Supreme Court, in Neal v. State, 257 Ala. 496, 59 So.2d 797, deciding the same question, held the following:
 "`It is settled that the continuous presence of the defendant from arraignment to sentence is an essential part of the process provided for the trial of the defendant and without which the court has no jurisdiction to pronounce judgment against him. This principle was applied by the Court of Appeals in Chaney v. State [36 Ala. App. 374], 56 So.2d 385, 386, where in reversing the judgment of conviction the court said: "However the record shows that, instead of having the jury returned to the courtroom, the judge, court reporter, solicitor, and defendant's counsel went into the jury room where the court instructed the jury further." See Lee v. State, 31 Ala. App. 91, 13 So.2d 583, certiorari denied, 244 Ala. 401, 13 So.2d 590.'"
42 Ala. App. at 346, 347, 164 So.2d at 718.
In Isom v. State, 51 Ala. App. 114, 283 So.2d 188 (1973), this Court held that the defendant was not deprived of his right to be present at all stages of the proceedings where he had voluntarily absented himself from the courtroom when the jury, during deliberation, asked for verdict forms and the court asked the jury if they wanted to take a break. Isom, supra, is easily distinguishable from the instant case because the "ordinary and normal" exchange referred to in Isom occurred in open court in the presence of the court reporter, unlike the present case.
As Judge DeCarlo emphasized in Donahoo v. State, Ala.Cr.App.,371 So.2d 75 (1979):
 "No communication, whatever, should take place between the judge and the jury after the cause has been submitted to them, unless in open court with all the parties and their attorneys present. The sanctity of the jury room must remain inviolate, and it is the trial judge's responsibility to maintain that sanctity. Anything less is an abdication of his judicial responsibility."
We point out that our opinion does not in any manner impugn the integrity of the able and learned trial judge in this case. On the contrary, the evidence advanced at the hearing on the motion for new trial shows that the trial judge's action was motivated solely by his regard for the jury's well being and his desire for their deliberations to proceed in an orderly manner.
The judge's good intentions, however, cannot render his error harmless. Authorities cited herein.
Since we must reverse and remand this cause for the error shown, we pretermit discussion of the other assignments of error raised by appellant.
REVERSED AND REMANDED.
All the Judges concur.