Kevin Ray Speer was indicted pursuant to Ala. Code 13A-2-23
(1982) for allegedly aiding or abetting Timothy Sanderson and Charles Wayne Clark in committing armed robbery. Speer was convicted after a jury trial of the offense of robbery in the first degree as proscribed by Ala. Code 13A-8-41 (1982). He was sentenced as a habitual offender to life imprisonment without the possibility of parole. Although Speer has raised three issues on appeal, because one requires a reversal, the remaining issues will not be discussed.
Speer contends that his absence from the courtroom when the trial court gave additional instructions to the jury constituted reversible error. We agree.
On December 7, 1989, at 9:00 a.m., the trial court began its oral charge to the jury in the presence of Speer, Speer's attorney, the prosecutor, and the court reporter. At the conclusion of the court's oral charge at 10:13 a.m., the jury retired to the jury room while the court entertained objections to its oral charge. After overruling all such objections, the court at 10:20 a.m. instructed the jury to commence deliberations. The jury was released for lunch at noon and resumed deliberations at 1:30 p.m. At 3:30 p.m., the jury returned to the courtroom to receive additional instructions from the court with respect to the following questions which the jury had posed: 1) "What is the definition of complicity and accomplice?" 2) "Also by law, is Speers (sic), as an accomplice, as guilty as Sanderson?"; and 3) "How much circumstantial evidence do we need to convict?"
Present during these additional instructions were Speer's attorney, the prosecutor, and the court reporter. Speer, who was in custody at the Madison County jail, was not present.
In response to the jury's first question, the trial court repeated that portion of its original charge concerning Alabama law regarding accomplices as codified at Ala. Code 13A-2-23
(1982). In response to the jury's second question, the court gave the jury two additional statements to aid them with regard to the law of complicity. In response to the jury's third question, the court stated that it could not give the jury an amount or degree of circumstantial evidence necessary to convict. The court instead reread to the jury that portion of its original charge concerning circumstantial evidence.
At the close of the court's additional instructions, the jury, at 3:50 p.m., retired to the jury room to resume deliberations while the court entertained objections to its further charge. Counsel for Speer interposed three objections to the court's additional instructions. With respect to the jury's first question, Speer's attorney contended that the court should also have read the jury his refused written requested charge on complicity. With respect to the jury's second question, counsel for Speer contended that the court should have further instructed the jury that Sanderson's guilt or innocence was irrelevant to the determination of Speer's guilt or innocence. Finally, counsel for Speer stated that he didn't want to interrupt the court during its additional instructions in their entirety because Speer was not present in the courtroom during the further charge.
The court then stated that due to the unavailability of deputies toward the end of the day, Speer could not be brought down from the county jail to attend the additional charge. The court did not grant any of Speer's objections, noting that the presence of Speer's attorney at the further charge was sufficient and that Speer's attorney did not object to Speer's absence before the additional instructions began.
At 5:30 p.m., the jury returned its verdict, finding Speer guilty of robbery in the first degree. Counsel for Speer then orally noted his decision to appeal.
"[T]he continuous presence of the defendant from arraignment to sentence is an essential part of the process provided for the trial of the defendant and without which the court has no jurisdiction to pronounce judgment against him." Neal v. *Page 1273 State, 257 Ala. 496, 497, 59 So.2d 797, 798 (1952). "No communication, whatever, should take place between the judge and the jury after the cause has been submitted to them, unless in open court with all the parties and their attorneys present." Donahoo v. State, 371 So.2d 75, 78-79 (Ala.Cr.App.),cert. denied, 371 So.2d 79 (Ala. 1979).
In Montgomery v. State, 42 Ala. App. 345, 164 So.2d 717
(1964), this court held that the trial judge's giving additional instructions to the jury out of the presence and hearing of the defendant constituted reversible error.
The State argues that the failure of Speer's counsel to object before the court gave the additional instructions was untimely and therefore constituted a waiver of Speer's right to continuous presence. We disagree.
"A defendant is entitled to be present at every stage of his trial; however, in a non-capital felony case, he may waive his right to continuous presence. . . . This waiver must be made by him personally and must indicate an affirmative intention to waive his presence as, for instance, by voluntarily absenting himself from the trial itself." Calhoun v. State,530 So.2d 259, 262 (Ala.Cr.App. 1988) (citations omitted).
This is clearly not a case of voluntary absence — Speer was in custody at the Madison County jail when the additional instructions were given. Because Speer apparently had no knowledge of the jury's request for additional instructions, he could not have affirmatively intended to waive his presence at the further charge.
Nor was the objection of Speer's attorney to Speer's absence from the further charge untimely. Unlike the cases ofCalhoun v. State, 530 So.2d 259 (Ala.Cr.App. 1988), or Ex parteHammond, 510 So.2d 153 (Ala. 1987), wherein the defendants failed to object to their absence either during the trial or in a post-trial motion, Speer's attorney objected to Speer's absence during the time which the trial court designated for hearing objections to its additional instructions. Hence, the objection to Speer's absence was raised at a time in the trial when the court could have done something to remedy the situation, as adjourning the trial until such time as Speer could be present to hear the additional instructions.
We note that Speer's due process right to be present at all critical stages of his criminal proceedings included his right to be present during the court's additional instructions to the jury because his presence would contribute to the fairness of the procedure. Cf. Kentucky v. Stincer, 482 U.S. 730,107 S.Ct. 2658, 96 L.Ed.2d 631 (1987).
We find that Speer did not waive his right to continuous presence and that Speer's counsel timely objected to Speer's absence during the court's additional instructions; this case is reversed. Montgomery v. State, 42 Ala. App. 345,164 So.2d 717 (1964), and the cause remanded for a new trial.
The judgment of the circuit court is reversed, and the cause remanded for a new trial.
REVERSED AND REMANDED.
All the Judges concur.