ON RETURN TO REMAND
TAYLOR, Judge.
The appellant, Howard Lugene Steele, was convicted of two counts of the sale of a material containing cocaine. We remanded this case so that the trial court could hold an evidentiary hearing on the issues which appellant raises on appeal. 571 So.2d 412 (Ala.Cr.App.1990). The record shows that the jury sent a note to the judge which read as follows:
“Sir — The jury is in full agreement that the defendant did sell a controlled substance to Officer Richardson. However, eleven of twelve of us do not feel that the State produced enough evidence to support our belief.
“We are in agreement due to our common sense and the information that was given during testimony but are not sure which holds more weight.
“We would appreciate any guidance.”
The record also reflects that in the original instructions given to the jury, the trial court made two suggestions to the jury to use their common sense. After the court received the question from the jury, the court instructed the bailiff “to go to the jury room and tell the jurors that their verdict must be based on the law and the evidence and that they may use their common sense in deriving their verdict.” This was done while appellant and his counsel were not in the courtroom. The record shows that defense counsel was in another courtroom. When defense counsel returned to the courtroom, he requested that the trial court bring the jury back out and instruct them on the issues raised in their note. However, before this could be done, the jury announced that they had reached a verdict. The verdict was “guilty.” The jury was then polled and it appeared that some of the jurors were confused. The trial judge gave the jury further instructions and told them to retire for more deliberations. They then returned a second verdict of guilty.
The appellant argues that the instructions given to the jury in his absence constitute reversible error. We must agree. The state argues that this was not preserved for our consideration. However, this was raised in appellant’s motion for new trial. Also, the purpose of an objection is to put the trial court on notice of the complained-of conduct. We believe that defense counsel adequately did this when he returned to the courtroom and was informed about the note which the jury sent to the trial court.
“Every accused has the lawful right to have his cause tried in open court, and to have an opportunity to be present and heard in respect to every transaction concerning his case. It is his right to be *118 present and attended by counsel when the court communicates with the jury.
[[Image here]]
“No communication, whatever, should take place between the judge and the jury after the cause has been submitted to them, unless in open court with all the parties and their attorneys present. The sanctity of the jury room must remain inviolate, and it is the trial judge’s responsibility to maintain that sanctity.”
Donahoo v. State, 371 So.2d 75, 78-79 (Ala.Cr.App.1979), writ denied, 371 So.2d 79 (Ala.1979). See also Harris v. United States, 489 A.2d 464 (D.C.App.1985); Taylor v. State, 385 So.2d 149 (Fla.Dist.Ct.App.1980).
As Judge McMillan, speaking for this court in Henry v. State, 548 So.2d 570, 571 (Ala.Cr.App.1988), stated:
“Reversible error is committed where additional instructions are given to the jury out of the presence and hearing of the defendant. [Citation omitted.] 1 “The continuous presence of the defendant from arraignment to sentence is an essential part of the process provided for the trial of the defendant and without which the court has no jurisdiction to pronounce judgment against him.” [Citations omitted.]’ ”
See also Montgomery v. State, 42 Ala.App. 345, 164 So.2d 717 (1964); Annot., 94 A.L.R.2d 270.
Communication between the trial court and the jury outside the presence of the accused and his counsel should be restricted. See Recoba v. State, 179 Ga.App. 31, 345 S.E.2d 81 (1986). “Unless the character of the communication clearly shows that it could not have been prejudicial to the accused, the presumption of law would be that it was prejudicial, and the accused would be entitled to another trial.” Recoba, 179 Ga.App. at 33, 345 S.E.2d at 83.
The United States Supreme Court in Rogers v. United States, 422 U.S. 35, 95 S.Ct. 2091, 45 L.Ed.2d 1 (1975), said that a defendant has a right to be present at “every stage of the proceedings involving the impaneling of the jury.” However, as the Supreme Court stated, in some occasions this may be harmless error. We do not believe it was harmless in the instant case. We believe that “ ‘the jury’s [question] should have been answered in open court and that [defendants’] counsel should have been given an opportunity to be heard before the trial court responded.’ ” United States v. Burns, 683 F.2d 1056, 1058 (7th Cir.1982), cert. denied, 459 U.S. 1173, 103 S.Ct. 821, 74 L.Ed.2d 1018 (1983), quoting Rogers, 422 U.S. at 39, 95 S.Ct. at 2094.
For the reasons stated above, the judgment is reversed and the case is remanded to the Circuit Court for Jefferson County for further proceedings not inconsistent with this opinion.
OPINION EXTENDED; REVERSED AND REMANDED.
All the Judges concur.