McMILLAN, Judge.
The appellant was convicted of the unlawful possession of cocaine, in violation of § 13A-12-212, Code of Alabama 1975, and was sentenced to 10 years’ imprisonment under the Habitual Felony Offender Act.
The appellant argues that his due process rights under the Fifth Amendment to the United States Constitution were violated when the trial court allowed the jury to deliberate while he was not present in the courtroom and also when the trial court received the jury’s verdict of guilt in the appellant’s absence.
The record reveals the following facts. At approximately 4:00 p.m., after one day of trial, the jury commenced deliberations. At approximately 5:05 p.m., the jury, unable to reach a verdict, returned to the courtroom before being dismissed for the evening. The appellant was not present at that time. The next morning, outside the presence of the jury, the trial court informed both the State and defense counsel that the appellant had been returned to the penitentiary by the sheriff of Mobile County. Defense counsel strenuously objected to the appellant’s absence during the jury’s deliberations and when the verdict was returned. The trial court overruled defense counsel’s objections. Subsequently, the jury returned a guilty verdict without the appellant’s being present. The appellant filed a timely motion for a new trial based upon these grounds.
Rule 9.1, A.R.Cr.P. provides, in pertinent part:
“(a) Right to be Present. The defendant has the right to be present at the arraignment and at every stage of the trial, including the selection of the jury, the giving of additional instructions pursuant to Rule 21, the return of the verdict, and sentencing.
“(b) Waiver of the Right to Be Present.
“(1) Except as provided in subsection (2), a defendant may waive the right to be present at any proceeding in the following manner:
“(i) With the consent of the court, by an understanding and voluntary waiver in open court or by a written consent executed by the defendant and by the defendant’s attorney of record, filed in the case.
“(ii) by the defendant’s absence from any proceeding, upon the court’s finding that such absence was voluntary and constitutes an understanding and voluntary waiver of the right to be present, and that the defendant had notice of the time and place of the proceeding and was informed of the right to be present.”
There is no indication in the record that the trial court found either an express or implied waiver by the appellant of his right to be present at trial.
The committee comments to Rule 9.1, A.R.Cr.P., provide:
*1279 “Waiver of the right to be present must be clear and unequivocal. Waiver must be affirmative and positive in nature and made by the defendant personally. Haynes v. State, 40 Ala.App. 106, 109 So.2d 738 (1958), cert. denied, 268 Ala. 546, 109 So.2d 746 (1959). Consent or acquiescence of a defendant to a waiver of the right cannot be presumed but must affirmatively appear from the record. Berness v. State, 263 Ala. 641, 83 So.2d 613 (1955). Thus, section (b) allows the court to find an implied waiver only when the defendant has been present at the commencement of the trial and fails to appear at some later stage of the trial. Such a waiver may not be inferred if the defendant has never appeared at trial, except in the case of a minor misdemeanor, which by. definition carries no threat of imprisonment.
“The standards for waiver are those required for waiver of other constitutional rights. The factors which the court should consider in finding a valid waiver are whether the defendant had personal notice of the time of the proceeding, the right to be present at it, and a warning that the proceeding would go forward in the defendant’s absence should he fail to appear. However, according to Taylor [v. State, 414 U.S. 17, 94 S.Ct. 194, 38 L.Ed.2d 174 (1973)], it is not incumbent upon the court to warn the defendant expressly of these three factors where the defendant has personally appeared at the commencement of trial, and it can reasonably be assumed that the defendant has knowledge of the right to be present.”
In Speer v. State, 570 So.2d 1271 (Ala.Cr. App.1990), this court held that the defendant’s absence from the courtroom when the trial court gave additional instructions to the jury constituted reversible error. Specifically, this court, in Speer, stated, in pertinent part:
“The State argues that the failure of Speer’s counsel to object before the court gave the additional instructions was untimely and therefore constituted a waiver of Speer’s right to continuous presence. We disagree.
“ ‘A defendant is entitled to be present at every stage of his trial; however, in a non-capital felony case, he may waive his right to continuous presence.... This waiver must be made by him personally and must indicate an affirmative intention to waive his presence as, for instance, by voluntarily absenting himself from the trial itself.’ Calhoun v. State, 530 So.2d 259, 262 (Ala.Cr.App.1988) (citations omitted.)
“This is clearly not a case of voluntary absence — Speer was in custody at the Madison County jail when the additional instructions were given. Because Speer apparently had no knowledge of the jury’s request for additional instructions, he could not have affirmatively intended to" waive his presence at the further charge.
“Nor was the objection of Speer’s attorney to Speer’s absence from the further charge untimely_ Hence, the objection to Speer’s absence was raised at a time in the trial when the court could have done something to remedy the situation, as adjourning the trial until such time as Speer could be present to hear the additional instructions.”
Id. at 1273. Additionally, in McMillian v. State, 594 So.2d 1253, 1270 (Ala.Cr.App. 1991), this court stated: “The Due Process Clause of the Fifth Amendment grants a defendant the right to be present at any stage of a criminal proceeding that ‘is critical to its outcome if his presence would contribute to the fairness of the procedure.’ [Kentucky v. Stincer, 482 U.S. 730, 745, 107 S.Ct. 2658, 2667, 96 L.Ed.2d 631 (1987) ].” See also Harris v. State, [3 Div. 332, June 12, 1992], 1992 WL 136496 (Ala. Cr.App.1992).
Defense counsel made proper and timely objections at the trial level. Because the record is silent as to whether the appellant voluntarily waived his presence at trial and because the appellant was absent during a critical stage of the proceedings, cf. Harris, his absence constituted reversible error. Therefore, we conclude that the trial court erred in proceeding with the trial without first determining that the *1280 appellant had voluntarily waived his right to be present. The judgment is, therefore, reversed, and the cause remanded for a new trial.
REVERSED AND REMANDED.
All Judges concur.