BOWEN, Presiding Judge.
Joseph McKinney, the appellant, was charged by separate indictment with two instances of robbery in the first degree, two instances of burglary in the first degree, attempted rape, and rape in the first degree. He was convicted on all charges and was sentenced as a habitual felony offender to life imprisonment without the possibility of parole on each conviction.
On this direct appeal from those convictions, the appellant asserts that the trial judge committed reversible error by communicating with the jury after the case had been submitted for deliberation and in the absence of the appellant and his attorneys.
In this regard, the record on appeal reflects the following:
“[THE COURT:] You may start your deliberations.
“(Whereupon, the jury retired to the jury room and began deliberations after which the following occurred in the jury room:)
“THE COURT: In intending to help my court staff out, I’m so helpful, I heard the knock on the door and I got Jim’s key and I came inside. And the foreperson asked if I could tell them the difference between robbery and burglary. So I told them that in order for me to charge the jury again as to robbery and burglary that you guys would have to be present and you would have to agree as to what I would say. I told them in brief though. And the foreperson read back what she had as notes. And if you would read that into the record.
“MS. CANFIELD [foreperson]: Robbery in the first degree: Armed with a deadly weapon, entering with force, taking from owner or any person present. And burglary in the first degree: Knowingly entering or remaining in a dwelling unlawfully with an. explosive or a deadly weapon.
“THE COURT: And she read that. And because this gentleman was closest to me, I said to him words to the effect, most people if they get robbed will say, T was *808 burglarized.’ And he said — what did you say, something about — •
“A JUROR: I said if a person got robbed — my understanding of robbery was just somebody took something from you before you entered into a house.
“THE COURT: And I said to the ladies and gentlemen of the jury that robbery, in brief, was from the person and that burglary was entering into a dwelling or a residence.
“Do you all have any objections or do you want to say anything or do you want the Court to say anything? And then I told them that I would be back.
“MRS. PETRO [assistant district attorney]: I don’t.
“MR. CALDWELL [defense attorney]: I don’t have any.
“THE COURT: You just have to put everything on the record in these courts. Okay. Thank you very much.
“(Whereupon, the jury continued deliberations, after which the following occurred outside the presence and hearing of the jury:)
“THE COURT: Do you want to make a motion?
“MR. CALDWELL: Judge, I just want .to make a motion for the record. Due to the sequence of events that you just relayed on the record that happened in the jury room, we want to ask the Court to declare a mistrial in this case.
“THE COURT: Do you want to be heard, Mrs. Petro?
“MRS. PETRO: Judge, I don’t see any need for a mistrial.
“THE COURT: Overruled.” R. 405-08.
Later, in open court and in the presence of the appellant and counsel', the jury informed the trial court that “we’re still hung up on the difference between the two [robbery and burglary] and whether they can both exist at the same time.” R. 410. The trial court again defined burglary and robbery for the jury. Defense counsel announced “satisfied” with those instructions. R. 418.
“No communication, whatever, should take place between the judge and the jury after the cause has been submitted to them, unless in open Court with all the parties and their attorneys present.” Donahoo v. State, 371 So.2d 75, 78-79 (Ala.Cr.App.), cert. denied, 371 So.2d 79 (Ala.1979). In Steele v. State, 580 So.2d 116, 118 (Ala.Cr.App.1991), this Court recognized that while instructions to the jury in the defendant’s absence are presumptively prejudicial, this may, on some occasions, be harmless error.
In this case, we find no possibility of prejudice to the appellant resulting from the trial judge’s improper communication with the jury. Defense counsel made no objection to the actual instructions the trial judge said that she gave the jury in the appellant’s absence, and there is no contention that any other instructions were given or that any conduct occurred other than that that has been described.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.