TAYLOR, Presiding Judge.
The appellant, Reginald Charlie Russell, was convicted of robbery in the first degree in violation of § 13A-8-41, Code of Alabama 1975. He was sentenced to life in the penitentiary without parole pursuant to the Habitual Felony Offender Act.
The state’s evidence tended to show that on November 29, 1991, the appellant and another man robbed a clerk of an adult bookstore at gunpoint in Birmingham.
The appellant contends on appeal that the trial court erred by allowing him to be tried in his absence. On April 11, 1994, the state and the appellant gave opening statements, and the appellant was present. The trial court then adjourned until 9:00 a.m. the next morning. As of 9:45 a.m. that morning, the appellant had not appeared for trial and the trial court, over the objection of the appellant’s counsel, ordered the trial to begin. The appellant arrived at the courtroom before 12:00 p.m., while the trial court was instructing the jury. The appellant told the court that he had had to drive from Tallade-ga to Birmingham that morning and that he had had car trouble along the way. The appellant was present for his sentencing on June 10,1994.
Rule 9.1, Ala.R.Crim.P., states:
“(a) Right to be present. The defendant has the right to be present at the arraignment and at every stage of the trial, including the selection of the jury, the giving of additional instructions pursuant to Rule 21, the return of the verdict, and sentencing.
“(b) Waiver of the right to be present.
“(1) Except as otherwise provided in subsection (2), a defendant may waive the right to be present at any proceeding in the following manner:
“(i) With the consent of the court, by an understanding and voluntary waiver in open court or by a written consent executed by the defendant and by the defendant’s attorney of record, filed in the case.
“(ii) By the defendant’s absence from any proceeding, upon the court’s finding that such absence was voluntary and constitutes an understanding and voluntary waiver of the right to be present, and that the defendant had notice of the time and place of the proceeding and was informed of the right to be present.”
The Committee Comments to Rule 9.1, Ala.R.Crim.P., further discuss the circumstances under which a defendant may waive the right to be present at trial under Rule 9.1(b):
“Thus, section (b) allows the court to find implied waiver only when the defendant has been present at the commencement of the trial and fails to appear at some later stage of the trial. Such a waiver may not be inferred if the defendant has never appeared at trial, except in the case of a minor misdemeanor which by definition carries no threat of imprisonment.
*996 “The standards for waiver are those required for waiver of other constitutional rights. The factors which the court should consider in finding a valid waiver are whether the defendant had personal notice of the time of the proceeding, the right to be present at it, and a warning that the proceeding would go forward in the defendant’s absence should he fail to appear. However, according to Taylor [v. United States, 414 U.S. 17, 94 S.Ct. 194, 38 L.Ed.2d 174 (1973)], it is not incumbent upon the court to warn the defendant expressly of these three factors where the defendant has personally appeared at the commencement of trial, and it can reasonably be assumed that the defendant has knowledge of the right to be present....”
This court has previously quoted the Committee Comments in its discussions of Rule 9.1, Ala.R.Crim.P. See Meadows v. State, 644 So.2d 1342 (Ala.Cr.App.1994); Dowdell v. State, 615 So.2d 1277 (Ala.Cr.App.1993). Furthermore, this court has previously held that a defendant who was present at the beginning of trial may implicitly waive his right to be present at the remainder of the trial by his failure to appear. Meadows; Flowers v. State, 608 So.2d 764, 766 (Ala.Cr. App.1992).
The record reflects that the appellant was present on the first day of trial and was aware that he was supposed to be present at 9:00 a.m. the next day. The appellant waived his right to be present by not appearing until almost three hours after trial had commenced. The right to be present is so deeply fundamental to a free society that each case in which an accused is tried in his absence should be carefully scrutinized to be certain that the absence was entirely without fault on the part of the justice system. Here, that is the case.
For the foregoing reasons, the judgment in this case is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.