PITTMAN, Judge,
dissenting.
I respectfully dissent. I do not read Matthews v. Liberty Mutual Insurance Co., 286 Ala. 598, 243 So.2d 703 (1971), to require additional instructions when a jury poses questions after retiring to deliberate. Matthews stands for the proposition that a judge may not further instruct the jury after its retirement without notifying counsel or without some special circumstances that reasonably prevented notification. Matthews, 286 Ala. at 604, 243 So.2d at 708. Nothing in Matthews requires a judge to answer or to address a jury question, particularly when the trial court had previously instructed the jury as to the correct legal definitions and standards of law in the case. See Commercial Union Assur. Cos. v. Sears, Roebuck & Co., 716 F.2d 606 (10th Cir.1983); Schultz v. Rice, 809 F.2d 643 (10th Cir.1986).
Furthermore, I do not find the cases of McKinney v. State, 629 So.2d 807 (Ala.Crim.App.1993), and Deutcsh v. State, 610 So.2d 1212 (Ala.Crim.App.1992), persuasive — they are criminal, not civil, cases. Because I would hold that the trial court’s refusal to further instruct a properly instructed and deliberating jury was harmless error, I respectfully dissent.
THOMPSON, J., concurs.